[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Bethel, Connecticut on August 18, 1984. By complaint dated February 26, 2001, the Husband instituted this action claiming a dissolution of marriage, an equitable division of the assets of the parties and other relief as law and equity might provide. The Wife filed an Answer and Cross Complaint dated March 14, 2001 claiming a dissolution of the marriage, alimony, a fair and equitable distribution of the assets and liabilities and other relief as law and equity might provide.
No children were born issue of this marriage. However, the Wife had two sons from a previous marriage whom the Husband cared for and treated as his own. They both are now over the age of 18 years and work in the Husband's business. The Husband is age 52 and in good health. The Wife is age 45 and has been diagnosed with recurrent depression disorder.
Protracted testimony was presented about the Husband's use of marijuana. The Wife was aware of the Husband's use of marijuana and alcohol prior to the marriage. In fact the Husband was late to the wedding ceremony due to his drinking with his best man. This should have been an indication to the parties as to how the marriage would progress. The Husband's use of marijuana was a cause of many arguments between the parties, both as to the effect on him and the example he was setting for his step sons who lived with the parties. Because the Wife did not approve of this activity by the Husband and because his friends were pressuring her to use, she refused to socialize with him and his friends at parties where illegal drugs were being used. Therefore the Wife developed friends of her own and activities of her own, namely golf. The Wife testified that in spite of the Husband's use of drugs and the problems resulting therefrom, she would not have filed for divorce. Therefore, the Husband's use of illegal drugs was not the cause of the breakdown of the marriage. After listening to the Husband's testimony regarding his illegal drug purchases and use, this court has ordered a transcript of the Husband's testimony to be forwarded to the State's Attorney for review and for whatever action he deems appropriate.
The major causes of the breakdown of this marriage are the Husband's inability to understand the nature of and extent of the Wife's depression and the resulting relationship he developed with another woman during the marriage in 2001. The Husband's response to the Wife's condition was to CT Page 10358 tell her to snap out of it and to go get a job. When the Wife was unable to take a trip with the Husband to Austria to ski due to her mental condition, the Husband met a woman on the trip and had an affair with her.
The Wife's psychiatrist testified that at this time and for an undeterminable length of time into the future the Wife is unable to work, even part time. He testified that his goal for the Wife at this time is to stabilize her so that she will not need hospitalization.
The Husband owns his own business, which he inherited from his father. The Wife, through an expert, tried to prove that the amount of income the Husband is reporting for the business is underreported by approximately $72,0000.00 for the year 2001. The testimony which the expert, Mr. Proctor, offered was based on possibilities, probabilities and totally speculative. He stated that he has never done any independent research to ascertain whether or not the computations he used are valid. Therefore, this court will not give any weight to the testimony offered by the expert and shall disregard his testimony.
However, the Husband has been less than accurate on the reporting of his income. He failed to report (on federal and state income tax returns and on his financial affidavits) some rental income and cash payments made to the business for services rendered. However, the Husband did testify to those shortcomings at trial. This court shall find that the Husband's income as reported on his financial affidavit is not credible. He also failed to report the amount of money which the business is paying on his behalf for his car, his life insurance, and his medical insurance. He also failed to have the business pay rent to him, (which was reported on his federal income taxes as having been paid). Therefore, this court makes the finding that the Husband's weekly net income is at a minimum $2,000.00.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on August 16, 2002. CT Page 10359
ALIMONY
The Husband shall pay to the Wife periodic alimony of $1,000.00 per week until the death of either party, the Wife's remarriage, or the Wife's cohabitation as defined by statute.
MEDICAL INSURANCE — WIFE
The Husband shall provide the Wife medical insurance coverage equal to the policy she presently has for a term of three years or until the Wife is employed and receiving medical insurance benefits.
LIFE INSURANCE
The Husband shall maintain his present MassMutual Life Insurance policy in the face amount of $200,000.00 naming the Wife as beneficiary for as long as he is obligated to provide alimony to the Wife. The Husband shall provide annual proof to the Wife that said policy is being maintained.
The two other life insurance policies, one with MassMutual $5,357.58 and one with N.Y. Life with a cash value of $15,026.83, shall be cashed in and the said proceeds equally divided between the parties.
PERSONAL PROPERTY
The parties have indicated that they shall be able to equally divide their personal property. If any dispute arises, the matter shall be referred to the Danbury Office of Family Relations for binding resolution.
REAL PROPERTY
The parties are the owners of real estate with the following stipulated values:
 (1) 19 Golden Hill, Bethel Conn. Value $245,000.00 with a mortgage of $99,388.00
 (2) 9 Beaver Street, Danbury, Conn. Value $210,000.00 with a mortgage of $93,560.00
 (3) Land in Maine valued at $5,800.00, owned jointly by the Husband and a friend, Value $2,900.00
(4) Escrowed monies from the sale of a Florida condominium in the amount of $79,065.00. CT Page 10360
The Husband shall, within 30 days of the date of this dissolution, Quit Claim to the Wife, all of his right, title and interest in and to the property located at 19 Golden Hill, Bethel, Conn. The Wife shall be solely responsible for all costs associated with said property, including but not limited to the mortgage, taxes and insurance, and indemnify and hold the Husband harmless in regards to same.
The Wife shall, within 30 days from the date of this dissolution and simultaneous with the above transfer, Quit Claim to the Husband, all of her right, title and interest in and to the property located at 9 Beaver Street, Danbury, Conn. The Husband shall be solely responsible for all costs associated with said property, including but not limited to the mortgage, taxes and insurance, and indemnify and hold the Wife harmless in regards to same.
The Husband shall retain his interest in the Maine property free and clear of any claims by the Wife.
The proceeds from the sale of the Florida Condo in the amount of $79,065.00 which are being held in escrow shall be divided as follows:
(1) To the Husband $26,272.00 to equalize the property distribution;
(2) The balance of $52,793.00 divided equally between the parties, however, from the Husband's share of said proceeds he shall pay the Wife the following: (a) $4,000.00 to reimburse the Wife for the cost she paid for the evaluation of the business and (b) $10,000.00 as a contribution towards the Wife's attorney's fees.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
HUSBAND'S BUSINESS
The Husband shall retain his business, known as Bursco Sign, free and clear of any claims by the Wife and indemnify and hold the Wife harmless in regards to any debts or liabilities of said business.
STOCKS
The Husband and the Wife shall equally divide any stocks or bonds which they own. The Husband's financial affidavit lists $7,570.71 in stocks and CT Page 10361 bonds with MFS. The Wife's financial affidavit lists 275 shares of MGM and 400 shares of Prudential Security. Due to the volatility of the market, the parties shall equally divide the number of stocks and bonds, rather than the dollar amount of said stocks and bonds.
IRA ACCOUNTS, CHECKING AND SAVINGS ACCOUNTS, DEFERRED COMPENSATIONACCOUNTS
The parties shall equally divide all their IRA accounts, Checking and Savings accounts, Deferred Compensation Accounts, Retirement Accounts, as listed on their financial affidavits. The Husband's financial affidavit lists the following: Checking with First Union Bank, Savings with First Union Bank, CM Life IRA, Fidelity IRA, and Panorama. The Wife's financial affidavit lists the following: Savings with Bank of Danbury, Checking with Bank of Danbury and IRA with MassMutual.
If a QDRO Order is necessary, the parties shall equally share the cost of preparation of same. The Superior Court shall retain jurisdiction over the accounts until they are distributed between the parties and to resolve any disputes which may arise with regard to the preparation and execution of the QDRO.
ATTORNEY FEES
Except as provided for herein, the parties shall each be solely responsible for their own attorney fees
TAX RETURNS
The parties shall file separate tax returns for the year 2002 and thereafter. However, in the past the parties have filed joint returns. In the event that an audit results in a determination of a deficiency in connection with any jointly filed income tax returns, the party whose income, assets, or reporting is responsible for the same, shall also be responsible for the payment of the deficiency, holding the other party harmless from any and all claims concerning that obligation including but not limited to accounting fee and attorney fees.
MOTOR VEHICLES
The Wife shall retain the Ford Explorer Sport and the Husband retain the Chevrolet Blazer. If there is a joint loan on either of these vehicles, the party retaining the vehicle shall be solely responsible for such loan and property taxes, and indemnify and hold the other harmless in regards to same. If the vehicles are in joint names, the parties shall sign the necessary documents to effectuate this order. CT Page 10362
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
FRANKEL, J.